IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., and<br>FERRING INTERNATIONAL CENTER S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>ALKEM LABORATORIES LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Ferring Pharmaceuticals Inc. ("Ferring Pharma") and Ferring International Center S.A. ("FICSA") (collectively, "Ferring") bring this action against Defendant Alkem Laboratories Ltd., ("Alkem") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent Number 9,827,231 ("the '231 patent"), United States Patent Number 10,624,879 ("the '879 patent"), and United States Patent Number 11,191,753 ("the '753 patent") (collectively, the "patents in suit") arising under the Patent Laws of the United States, Title 35 of the United States Code, § 100 *et seq.*, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202.

2. This action relates to Alkem's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the FDCA"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, and/or sell a generic version of Ferring's CLENPIQ® (sodium

picosulfate, magnesium oxide, and anhydrous citric acid) Oral Solution 10 mg/3.5 g/12 g per 175 mL bottle ("Alkem's ANDA Product").

## PARTIES

3. Plaintiff FICSA is a Swiss private limited liability company having its offices at Chemin de la Vergognausaz 50, 1162 Saint-Prex, Switzerland.

4. Plaintiff Ferring Pharma is a private Delaware corporation having its principal place of business at 100 Interpace Parkway, Parsippany, New Jersey 07054.

5. On information and belief, Alkem is a corporation organized and existing under the laws of India, having a corporate headquarters at Alkem House, Senapati Bapat Marg, Lower Parel, Mumbai, 400 013, Maharashtra, India. Upon information and belief, Alkem is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products, including for the United States market.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This Court has personal jurisdiction over Alkem because Alkem has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District. On information and belief, Alkem, directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drug products throughout the United States, including Delaware. On information and belief, Alkem will manufacture, import, market, offer to sell, sell and/or distribute Alkem's ANDA Product in the United States, including Delaware, upon approval of ANDA No. 220428,

and will derive substantial revenue from the use or consumption of Alkem's ANDA Product in Delaware.

8. This Court also has personal jurisdiction over Alkem pursuant to Federal Rule of Civil Procedure 4(k)(2). Alkem is a foreign corporation who has directed actions toward Delaware and purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Alkem regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware, either on its own or through affiliates. Upon information and belief, Alkem derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

9. This Court has personal jurisdiction over Alkem by virtue of Alkem previously consenting to personal jurisdiction in this Court and having taken advantage of the rights and protections provided by this Court, including having asserted affirmative defenses and counterclaims in this jurisdiction (*see, e.g., Veloxis Pharm., Inc. v. Alkem Lab'ys Ltd.,* C.A. No. 24-784 (D. Del. Oct. 7, 2024), D.I. 9; *ZS Pharma, Inc. et al. v. Alkem Lab'ys Ltd.,* C.A. No. 23-1187 (D. Del. Dec. 26, 2023), D.I. 11; *ZS Pharma, Inc. et al. v. Alkem Lab'ys Ltd.,* C.A. No. 22-1096 (D. Del. Oct. 13, 2022), D.I. 17*; Azurity Pharm., Inc. et al v. Alkem Lab'ys Ltd.,* C.A. No. 22-940 (D. Del. Sept. 23, 2022), D.I. 16; *Novartis Pharm. Corp. v. Alkem Lab'ys Ltd.,* C.A. No. 22-0032 (D. Del. Apr. 4, 2022), D.I. 13).

10. This Court also has personal jurisdiction over Alkem because, *inter alia*, Alkem has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and has sent notice of that infringement to Ferring Pharma, a corporation organized and existing under the laws of the State of Delaware. On information and belief, Defendant intends a future course of conduct that

includes acts of patent infringement in Delaware. These acts have led and will continue to lead to foreseeable harm and injury to Ferring in Delaware.

11. Alkem is a foreign corporation not residing in the United States and subject to personal jurisdiction in this Judicial District. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## FERRING'S CLENPIQ® NDA

12. Ferring Pharma is the holder of approved New Drug Application ("NDA") No. 209589 for CLENPIQ® (sodium picosulfate, magnesium oxide, and anhydrous citric acid) for Oral Solution, 10 mg/3.5 g/12 g per 175 mL bottle.

13. On November 28, 2017, the United States Food and Drug Administration ("FDA") approved NDA No. 209589 for the manufacture, marketing, and sale of CLENPIQ® for cleansing of the colon as a preparation for colonoscopy in adults.

14. Ferring has sold CLENPIQ® under NDA No. 209589 since its approval.

## THE PATENTS IN SUIT

15. On November 28, 2017, the United States Patent and Trademark Office ("PTO") duly and legally issued the '231 patent, which bears the title "Liquid Pharmaceutical Composition" and names Bong Gil Nam, Byeung Jun Lee, and Shunji Jin as inventors. A true and correct copy of the '231 patent is attached as **Exhibit A**.

16. FICSA is the owner by assignment of the '231 patent, and Ferring Pharma is an exclusive licensee of the '231 patent.

17. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '231 patent is listed in the FDA's APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENCE EVALUATIONS (also known as the "Orange Book") as covering CLENPIQ®.

18. On April 21, 2020, the PTO duly and legally issued the '879 patent, which bears the title "Liquid Pharmaceutical Composition" and names Bong Gil Nam, Byeung Jun Lee, and Shunji Jin as inventors. The '879 patent is a continuation of application No. 15/214,768, which issued as the '231 patent. A true and correct copy of the '879 patent is attached as **Exhibit B**.

19. FICSA is the owner by assignment of the '879 patent, and Ferring Pharma is an exclusive sublicensee of the '879 patent.

20. In accordance with 21 U.S.C. § 355(c)(2) and 21 C.F.R. § 314.53, the '879 patent is listed in the FDA's Orange Book as covering CLENPIQ.

21. On December 7, 2021, the PTO duly and legally issued the '753 patent, which bears the title "Liquid Pharmaceutical Composition" and names Bong Gil Nam, Byeung Jun Lee, and Shunji Jin as inventors. The '753 patent is a continuation of application 15/822,298, which issued as the '879 patent. A true and correct copy of the '753 patent is attached as **Exhibit C**.

22. FICSA is the owner by assignment of the '753 patent, and Ferring Pharma is an exclusive sublicensee of the '753 patent.

23. In accordance with 21 U.S.C. § 355(c)(2) and 21 C.F.R. § 314.53, the '753 patent is listed in the FDA's Orange Book as covering CLENPIQ.

**ALKEM'S NOTICE LETTER AND THE CURRENT CONTROVERSY**

24. By letter dated May 19, 2025 ("Alkem's Notice Letter"), Alkem notified Ferring that Alkem had submitted ANDA No. 220428 to the FDA under Section 505(j) of the FDCA (21 U.S.C. § 355(j)). Ferring received Alkem's Notice Letter no earlier than May 20, 2025.

25. Alkem's Notice Letter states that Alkem seeks approval from the FDA to engage in the commercial manufacture, use, and/or sale of Alkem's ANDA Product before expiration of the '231, '879, and '753 patents. Upon information and belief, Alkem intends to, directly or

indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Alkem's ANDA Product promptly upon receiving FDA approval.

26. By filing ANDA No. 220428, Alkem has necessarily represented to the FDA that Alkem's ANDA Product has the same active ingredients, the same dosage form, the same route of administration, and the same strength as CLENPIQ®. By submitting ANDA No. 220428, Alkem also has necessarily represented to the FDA that Alkem's ANDA Product is bioequivalent to CLENPIQ®. Upon information and belief, Alkem is seeking approval to market and sell Alkem's ANDA Product for the same approved indication as CLENPIQ®.

27. In Alkem's Notice Letter, Alkem states that ANDA No. 220428 contains a Paragraph IV Certification asserting that the claims of the '231, '879, and '753 patents are invalid, unenforceable and/or will not be infringed.

28. Ferring commenced this action within forty-five (45) days of receiving Alkem's Notice Letter.

29. There is an actual, real, immediate, and justiciable controversy between Ferring and Alkem regarding whether Alkem's ANDA Product will infringe the patents in suit.

## COUNT I

### Infringement of the '231 Patent

30. Ferring realleges paragraphs 1 to 29 and incorporates them by reference.

31. Alkem's submission of ANDA No. 220428 to engage in the commercial manufacture, use, offer for sale, or sale within the United States or importation into the United States of Alkem's ANDA Product before the expiration of the '231 patent constitutes infringement of one of more claims of the '231 patent under 35 U.S.C. § 271(e)(2)(A).

32. A justiciable controversy exists between the parties hereto as to infringement of the '231 patent.

33. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will directly infringe, either literally or under the doctrine of equivalents, one or more of claims 1-13, 16, 19-20 of the '231 patent under 35 U.S.C. § 271(a).

34. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will infringe, either literally or under the doctrine of equivalents, claims 14 and/or 15 of the '231 patent by actively inducing infringement by others under 35 U.S.C. § 271(b). On information and belief, after the FDA has approved Alkem's ANDA No. 220428, Alkem intends to manufacture, market, sell, and/or offer to sell Alkem's ANDA Product with an FDA-approved product insert that will direct physicians and patients in the use of Alkem's ANDA Product. On information and belief, Alkem will actively and intentionally aid, abet, encourage, participate, and induce others to perform acts that Alkem knows will directly infringe, either literally or under the doctrine of equivalents, claims 14 and/or 15 of the '231 patent by marketing Alkem's ANDA Product with the FDA-approved product insert. On information and belief, Alkem has knowledge of the '231 patent and knows that the use of Alkem's ANDA Product in accordance with the FDA-approved product insert will directly infringe, either literally or under the doctrine of equivalents, claims 14 and/or 15 of the '231 patent.

35. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will contributorily infringe claims 14 and/or 15 of the '231 patent under 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States, and/or importing into the United States, Alkem's ANDA Product. On information and belief, Alkem knew and knows

that Alkem's ANDA Product is designed for a use that infringes claims 14 and/or 15 of the '231 patent, and Alkem's ANDA Product lacks a substantial non-infringing use.

36. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem's importation into the United States, and/or use, offer to sell, and/or sale within the United States, of Alkem's ANDA Product will constitute infringement, either literally or under the doctrine of equivalents, of one or more of claims 17 and/or 18 of the '231 patent under 35 U.S.C. § 271(g).

37. Ferring will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.

38. Ferring has no adequate remedy at law.

39. This case is an exceptional one, and Ferring is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II

### Infringement of the '879 Patent

40. Ferring realleges paragraphs 1 to 29 and incorporates them by reference.

41. Alkem's submission of ANDA No. 220428 to engage in the commercial manufacture, use, offer for sale, or sale within the United States or importation into the United States of Alkem's ANDA Product before the expiration of the '879 patent constitutes infringement of one of more claims of the '879 patent under 35 U.S.C. § 271(e)(2)(A).

42. A justiciable controversy exists between the parties hereto as to infringement of the '879 patent.

43. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will directly infringe, either literally or under the doctrine of equivalents, one or more of claims 1-19 of the '879 patent under 35 U.S.C. § 271(a).

44. Ferring will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.

45. Ferring has no adequate remedy at law.

46. This case is an exceptional one, and Ferring is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT III

### Infringement of the '753 Patent

47. Ferring realleges paragraphs 1 to 29 and incorporates them by reference.

48. Alkem's submission of ANDA No. 220428 to engage in the commercial manufacture, use, offer for sale, or sale within the United States or importation into the United States of Alkem's ANDA Product before the expiration of the '753 patent constitutes infringement of one of more claims of the '753 patent under 35 U.S.C. § 271(e)(2)(A).

49. A justiciable controversy exists between the parties hereto as to infringement of the '753 patent.

50. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will infringe, either literally or under the doctrine of equivalents, one or more of claims 1 through 21 of the '753 patent by actively inducing infringement by others under 35 U.S.C. § 271(b). On information and belief, after the FDA has approved Alkem's ANDA No. 220428, Alkem intends to manufacture, market, sell, and/or offer to sell Alkem's ANDA Product with an FDA-approved product insert that will direct physicians and patients in the use of

Alkem's ANDA Product. On information and belief, Alkem will actively and intentionally aid, abet, encourage, participate, and induce others to perform acts that Alkem knows will directly infringe, either literally or under the doctrine of equivalents, one or more of claims 1 through 21 of the '753 patent by marketing Alkem's ANDA Product with the FDA-approved product insert. On information and belief, Alkem has knowledge of the '753 patent and knows that the use of Alkem's ANDA Product in accordance with the FDA-approved product insert will directly infringe, either literally or under the doctrine of equivalents, one or more of claims 1 through 21 of the '753 patent.

51. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA No. 220428, Alkem will contributorily infringe one or more of claims 1 through 21 of the '753 patent under 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States, and/or importing into the United States, Alkem's ANDA Product. On information and belief, Alkem knew and knows that Alkem's ANDA Product is designed for a use that infringes one or more of claims 1 through 21 of the '753 patent, and Alkem's ANDA Product lacks a substantial non-infringing use.

52. Ferring will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.

53. Ferring has no adequate remedy at law.

54. This case is an exceptional one, and Ferring is entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Ferring respectfully requests the following judgment and relief:

  a. A declaration that the claims of United States Patent Number 9,827,231 are valid and enforceable;

  b. A declaration that Alkem's submission to the FDA of ANDA No. 220428 to obtain approval for the commercial manufacture, use, offer for sale, sale within, or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 9,827,231 was an act of infringement under 35 U.S.C. § 271(e)(2)(A);

  c. A declaration that Alkem's manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product prior to the expiration of United States Patent Number 9,827,231 will infringe one or more claims of United States Patent Number 9,827,231 under 35 U.S.C. § 271;

  d. An order that the effective date of the approval of Alkem's ANDA No. 220428 be a date that is not earlier than the expiration of the term of United States Patent Number 9,827,231, including any extension(s) granted by the USPTO under 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity to which Ferring is or becomes entitled;

  e. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283, enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from infringing any claims of United States Patent Number 9,827,231 prior to the expiration date of United States Patent Number 9,827,231 and any additional dates of exclusivity;

  f. A permanent injunction enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from seeking, obtaining, or maintaining approval of ANDA No. 220428 until the expiration date of United States Patent Number 9,827,231 and any additional dates of exclusivity;

g. A judgment granting Ferring compensatory damages in an amount to be determined at trial and including both pre-judgment and post-judgment interested, if Alkem engages in the manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 9,827,231 and any additional dates of exclusivity;

h. A declaration that the claims of United States Patent Number 10,624,879 are valid and enforceable;

i. A declaration that Alkem's continuance to seek approval of Alkem's ANDA No. 220428 for the commercial manufacture, use, offer for sale, sale within, or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 10,624,879 was an act of infringement under 35 U.S.C. § 271(e)(2)(A);

j. A declaration that Alkem's manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product prior to the expiration of United States Patent Number 10,624,879 will infringe one or more claims of United States Patent Number 10,624,879 under 35 U.S.C. § 271;

k. An order that the effective date of the approval of Alkem's ANDA No. 220428 be a date that is not earlier than the expiration of the term of United States Patent Number 10,624,879, including any extension(s) granted by the USPTO under 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity to which Ferring is or becomes entitled;

l. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283, enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from infringing any claims of United States Patent Number

10,624,879 prior to the expiration date of United States Patent Number 10,624,879 and any additional dates of exclusivity;

  m. A permanent injunction enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from seeking, obtaining, or maintaining approval of ANDA No. 220428 until the expiration date of United States Patent Number 10,624,879 and any additional dates of exclusivity;

  n. A judgment granting Ferring compensatory damages in an amount to be determined at trial and including both pre-judgment and post-judgment interested, if Alkem engages in the manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 10,624,879 and any additional dates of exclusivity;

  o. A declaration that the claims of United States Patent Number 11,191,753 are valid and enforceable;

  p. A declaration that Alkem's continuance to seek approval of Alkem's ANDA No. 220428 for the commercial manufacture, use, offer for sale, sale within, or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 11,191,753 was an act of infringement under 35 U.S.C. § 271(e)(2)(A);

  q. A declaration that Alkem's manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product prior to the expiration of United States Patent Number 11,191,753 will infringe one or more claims of United States Patent Number 11,191,753 under 35 U.S.C. § 271;

  r. An order that the effective date of the approval of Alkem's ANDA No. 220428 be a date that is not earlier than the expiration of the term of United States Patent Number

11,191,753, including any extension(s) granted by the USPTO under 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity to which Ferring is or becomes entitled;

  s. A permanent injunction under 35 U.S.C. § 283, enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from infringing any claims of United States Patent Number 11,151,753 prior to the expiration date of United States Patent Number 11,151,753 and any additional dates of exclusivity;

  t. A permanent injunction enjoining Alkem and all officers, agents, servants, employees, privies, and others acting for, or on behalf of, or in concert with any of them, from seeking, obtaining, or maintaining approval of ANDA No. 220428 until the expiration date of United States Patent Number 11,191,753 and any additional dates of exclusivity;

  u. A judgment granting Ferring compensatory damages in an amount to be determined at trial and including both pre-judgment and post-judgment interested, if Alkem engages in the manufacture, use, offer to sell, sale within, and/or importation into, the United States of Alkem's ANDA Product before the expiration of United States Patent Number 11,191,753 and any additional dates of exclusivity;

  v. A judgment and order that this is an exceptional case under 35 U.S.C. § 285 and awarding Ferring its reasonable attorneys' fees, costs, and expenses; and

  w. Any and all other and further relief as this Court deems just and proper.

<table>
<tr><td>

Dated: July 2, 2025

*Of Counsel:*

John B. ("Ben") Bourke
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Ben.Bourke@wbd-us.com

</td><td>

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Alexander P. Wharton (#7304)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Mary.Bourke@wbd-us.com
Dana.Severance@wbd-us.com
Alexander.Wharton@wbd-us.com

*Counsel for Plaintiffs*

</td></tr>
</table>